653 P.2d 346 (1982)
In the Matter of A.M., a minor, Appellant,
v.
STATE of Alaska, Appellee.
No. 6105.
Court of Appeals of Alaska.
October 22, 1982.
*347 William Bixby, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.
Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
COATS, Judge.
A.M., a minor, was adjudicated a delinquent in 1978 and sent to McLaughlin Youth Center. He was later placed on probation. On February 20, 1981 a petition of alleged delinquency was filed against A.M. A detention hearing was held on that date, and A.M. was ordered detained until March 19, 1981, when another detention hearing was scheduled. A hearing was held on March 19, 1981, and A.M. was again ordered detained. On April 2, 1981 the state dismissed the February 20 petition of alleged delinquency and filed a petition to revoke probation based upon the same alleged delinquent acts. This matter was ultimately decided by a stipulation between the parties. The state agreed to dismiss the petition to revoke with prejudice, and A.M. stipulated that he would remain under the custody of the Department of Health and Social Services for one year. On April 20, 1981, the superior court adopted this stipulation of the parties in the form of an order.
On May 29, 1981, A.M. appealed to this court. On appeal A.M. argues that the February 20, 1981 detention hearing was improperly conducted and that he was improperly detained on that date.
The main issue which A.M. raises concerns the construction of AS 47.10.140(c). That statute establishes procedures for juvenile detention hearings and states:
The court shall immediately, and in no event more than 48 hours later, hold a hearing at which the minor and his parents or guardian if they can be found shall be present. The court shall determine whether probable cause exists for believing the minor to be delinquent. The court shall inform the minor of the reasons alleged to constitute probable cause and the reasons alleged to authorize his detention. The minor is entitled to counsel and to confrontation of the witnesses against him. [Emphasis added.]
A.M. was charged with assault in the petition. The chief evidence against him was *348 the testimony of a juvenile intake officer, who related his interview with the victim of the alleged assault. A.M. objected that under AS 47.10.140(c) and Doe v. State, 487 P.2d 47 (Alaska 1971), he could not be detained on the basis of hearsay information because he was entitled to confront the witnesses against him. We do not reach this or the other issues raised in A.M.'s appeal because the appeal was not timely filed. A.M.'s appeal was filed more than 90 days after the detention hearing.
We believe it is clear the minor had a right to appeal from the February 20, 1981, detention order. AS 47.10.140 provides for detention hearings. AS 47.10.080(i) provides that "[a] minor... may appeal a judgment or order... issued by the court under this chapter." The right of appeal is also provided for in Children's Rule 29(a). That rule provides that "[a]n interested party aggrieved by any order of the court may appeal to or file a petition for review in the Court of Appeals, in all matters under AS 47.10.010(a)(1) ... and in the Supreme Court, in all other matters under AS 47.10, on all grounds on which an appeal or petition for review can be based in a civil or criminal proceeding."[1] In an adult criminal proceeding a bail hearing is the equivalent proceeding of a juvenile detention hearing. In the event that a defendant in a criminal proceeding is detained because he cannot meet the conditions of release, he is entitled to a hearing to review his bail conditions. AS 12.30.020(f). If he remains in custody, he ultimately has the right to take a bail appeal. AS 12.30.030(b); Appellate Rule 207. It seems clear that under AS 47.10.080(i) and Children's Rule 29(a) a minor who is detained may also appeal his detention order.
Under Appellate Rule 204(a)(1), "notice of appeal shall be filed within 30 days from the entry of the judgment appealed from." In the instant case, the detention order from which the minor wished to appeal was filed on February 20, 1981. The notice of appeal was filed on May 29, 1981. It is clear the appeal was not timely filed.
This court does have authority to relax the rules under Appellate Rule 521 to allow an untimely appeal. That rule provides that the rules of appellate procedure "may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice." The burden is on the party seeking such relaxation to demonstrate the existence of surprise or injustice. State v. Burgess Construction Co., 575 P.2d 792, 796 (Alaska 1978). In deciding whether to relax the rules, we are to consider "the right to appellate review, the willfulness and extent of the rules violation and the possible injustice that might result from dismissal." Jerrel v. Kenai Peninsula Borough School District, 567 P.2d 760, 766 (Alaska 1977); see Estate of Smith v. State, 635 P.2d 465, 467 (Alaska 1981). In deciding to dismiss on grounds that the appeal is untimely, we have primarily considered that this appeal is moot as to A.M. This case concerns detention on a charge which was ultimately dismissed. The fact that A.M. was detained on a charge which was dismissed should have no adverse future impact on him. We recognize that under Alaska case law the mootness doctrine has been interpreted very liberally in juvenile cases in favor of allowing review. E.J. v. State, 471 P.2d 367, 368-70 (Alaska 1970). However, we feel that it is unlikely that the particular detention hearing involved in the instant case will have an adverse future impact on A.M. Therefore, we conclude that it is not unjust to refuse to relax the rules requiring a timely appeal.
We are also aware that the supreme court has allowed detention hearings to be reviewed under a public interest exception to the mootness doctrine. Doe v. State, 487 P.2d at 53-54; In re G.M.B., 483 P.2d 1006 (Alaska 1971). In G.M.B. the supreme court established the "two-pronged test" which must be met to invoke the public interest *349 exception: "The dispute must be a recurring one, and its nature must be such that the mootness doctrine, if applied, would effectively remove from review the governmental action protested." Id. at 1008. We do not believe there is any reason why juvenile detention hearings should regularly evade review by this court. This court regularly hears adult bail appeals which are authorized under AS 12.30.030(b) and Appellate Rule 207.[2] Rule 207 provides that bail appeals "shall be determined promptly" and provides a simplified appellate procedure where the appeal is filed in the form of a motion so that the court can expedite review. Certainly juvenile detention hearings present problems similar to adult bail appeals, and the argument for prompt disposition of detention appeals is at least as strong in juvenile cases as it is in adult bail appeals. We therefore authorize appellants to bring juvenile bail appeals under Appellate Rule 207. This procedure should ensure that juvenile detention hearings are not insulated from review. Therefore, no reason exists to apply the public interest exception to the instant case.
The appeal is DISMISSED.
NOTES
[1] This rule was amended as of October 1, 1982, by Alaska Supreme Court Order No. 538. Before the amendment, the rule through oversight neglected to mention the Court of Appeals children's court appellate jurisdiction. This jurisdiction was clearly established, however, under AS 22.07.020(a)(3).
[2] Appellate Rule 207 reads:

Appeals Relating to Release Prior to Judgment. An appeal authorized by AS 12.30.030(b) or AS 12.30.040, relating to the release of a criminal defendant prior to the entry of final judgment, shall be determined promptly. The appeal shall take the form of a motion and shall comply with Rules 206(b) and 503. The appellee may respond as provided in Rule 503(d). The court of appeals or a judge thereof may order the release of the appellant pending such an appeal. The decision of the court of appeals on such an appeal is a `final decision' within the meaning of Rule 302.