**STATE of Alaska, Appellant,**

v.

**Travis Dean WILLIAMS, Appellee.**

**No. 6025.**

Court of Appeals of Alaska.

Nov. 5, 1982.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

William H. Fuld and David J. Schmid, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

---

## OPINION

COATS, Judge.

Following Travis Dean Williams' acquittal of a charge of murder in the first degree, the state charged him with two counts of hindering prosecution in the first degree, AS 11.56.770,[1] and with one count of tampering with evidence, AS 11.56.610.[2] Superior Court Judge Ralph E. Moody dismissed the indictment on double jeopardy grounds. The state now appeals, arguing only that it was improper to have dismissed the charge of tampering with evidence.

On the evening of March 10, 1980, the body of Thomas Andrus was found in his burning pickup truck on a road near Peters Creek. Travis Dean Williams was indicted for the murder of Andrus. The state's case before the grand jury consisted of proof that Williams and Andrus were together the night of the homicide. Both were highly intoxicated. One important witness against Williams was Joyce Andrus, Thomas Andrus' wife. She testified that she had last seen her husband alive shortly before the homicide. She had left him at their home, a trailer, with Williams. The investigation of the Andrus homicide established that Andrus had probably been struck in the fact with a vodka bottle and strangled with an appliance cord. Andrus' body was then dragged to his pickup truck which was driven a short distance to the place where it was discovered. The truck was then set on fire. Lucy Moody testified that she saw a man she later identified as Williams run across the street near the burning pickup truck in which Andrus' body was found. Another witness, Donald Ohler, identified Williams as a man he met on the evening of the homicide at the Bella Vista Pizza Parlor, which was located several hundred yards from the burning truck. Ohler gave Williams a ride into town and then back to Peters Creek. During that ride Williams made several statements. He said he did "something very bad tonight" and that he had done "a very nasty thing." At the scene of the pickup truck Ohler informed the police of his suspicious contact with Williams. Ohler pointed out Williams to Anchorage Police Department Officer Greg Baker, and Baker took Williams into custody. Baker testified that on the way to the police station Williams spontaneously stated, "I ain't got no gun and I didn't rob the son of a bitch."

The state presented this evidence at trial, except for the critical testimony of Joyce

1. AS 11.56.770 provides:

   (a) A person commits the crime of hindering prosecution in the first degree if he renders assistance to a person who has committed a crime punishable as a felony with intent to
   (1) hinder the apprehension, prosecution, conviction, or punishment of that person; or
   (2) assist that person in profiting or benefiting from the commission of the crime.
   (b) For purposes of this section, a person "renders assistance" to another if he
   (1) harbors or conceals that person;
   (2) warns that person of impending discovery or apprehension;
   (3) provides or aids in providing that person with money, transportation, a dangerous instrument, a disguise, or other means of avoiding discovery or apprehension;
   (4) prevents or obstructs, by means of force, threat, or deception, anyone from performing an act which might aid in the discovery or apprehension of that person;
   (5) suppresses by an act of concealment, alteration, or destruction physical evidence which might aid in the discovery or apprehension of that person; or

   (6) aids that person in securing or protecting the proceeds of the crime.
   (c) Hindering prosecution in the first degree is a class C felony.

2. AS 11.56.610 provides:

   (a) A person commits the crime of tampering with physical evidence if he
   (1) destroys, mutilates, alters, suppresses, conceals, or removes physical evidence with intent to impair its verity or availability in an official proceeding or a criminal investigation;
   (2) makes, presents, or uses physical evidence, knowing it to be false, with intent to mislead a juror who is engaged in an official proceeding or a criminal investigation;
   (3) prevents the production of physical evidence in an official proceeding or a criminal investigation by the use of force, threat, or deception against anyone; or
   (4) does any act described by (1), (2), or (3) of this subsection with intent to prevent the institution of an official proceeding.
   (b) Tampering with physical evidence is a class C felony.

Andrus. She had apparently left the jurisdiction and could not be located to testify at trial. At trial Williams testified in his own defense. He stated that at about 8:00 o'clock on the evening in question, he and Andrus went to Andrus' trailer. They were falling down drunk. Williams stated he just headed for the back bedroom, flopped on the bed, and either passed out or fell asleep. He stated that the next thing he knew, Joyce Andrus woke him screaming, "You got to help me. Tom's dead." Williams testified that he got up and found Tom laying on the floor with a cord around his neck. Joyce left in the Andrus' Blazer. According to Williams, he then tried to clean up the trailer by wiping up the blood. He then loaded the body in Andrus' pickup truck and drove off. He drove about a mile when the truck died. He could not start the truck so he poured a gallon of chainsaw gas in the cab and set it on fire. He then fled, but was apprehended by the police later that evening.

At the end of the trial, the state filed proposed jury instructions that would have permitted the jury to consider the crimes of hindering prosecution in the first degree and tampering with physical evidence. Williams objected, arguing that these were not lesser included offenses. Trial judge Mark Rowland agreed and refused to instruct on these offenses.

The jury acquitted Williams of first degree murder and of all the lesser homicide offenses. Five days later, Williams was indicted on two counts of hindering prosecution in the first degree and on one count of tampering with evidence. The state now appeals arguing that Judge Moody erred in dismissing the charge of tampering with evidence.

Williams argues that, aside from any double jeopardy claim, Alaska Rule of Criminal Procedure 45, the speedy trial rule, stands as a bar to his prosecution on a charge of tampering with evidence. Williams argued this issue in the trial court, but since Judge Moody decided the double jeopardy claim in Williams' favor claim he found it unnecessary to decide the Criminal Rule 45 issue. Williams continues to assert the double jeopardy claim on appeal but suggests that we do not need to reach that constitutional question if we find that his rights were violated under Criminal Rule 45. We agree with Williams that we should not reach the constitutional double jeopardy issue if the issue can be readily resolved by applying the Alaska Rules of Criminal Procedure.

■ Williams' argument rests on the fact that he was arrested for murder on March 10, 1980 and was not indicted for tampering with evidence until nearly ten months later, on January 6, 1981. Criminal Rule 45 requires Williams to be tried within 120 days,[3] less periods which are excluded by the rule. Williams contends his arrest on the murder charge should start the 120 day period running and that his indictment for tampering with evidence took place far beyond the 120 day time period.

We have concluded that Williams is correct in his assertion that his arrest on the murder charge started the 120 day period running. At the time of Williams' prosecution, Criminal Rule 45(c)(1) stated in part:[4]

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first .... The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, *relating to subsequent charges arising out of the same conduct,* or the refiling of the original charge, shall not extend the time, unless the evidence on

---

**3.** Criminal Rule 45(b) provides that "[a] defendant charged with a felony ... shall be tried within 120 days from the time set forth in paragraph (c) of this rule."

**4.** The current Criminal Rule 45(c)(1) substitutes "of the original commencement date of the 120 day period" for "the defendant was either initially arrested, arraigned, or served with the original charge."

which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing the defendant for the original charges is made by the prosecution. [Emphasis supplied.]

Judge Moody found that the evidence which was presented in the indictment for tampering with evidence was essentially the same evidence which the prosecution presented to the grand jury which indicted Williams for murder and at his trial on that charge. This finding is supported by the record. The only substantially different information which the prosecution presented to the second grand jury but did not present to the grand jury which indicted Williams for murder was Williams' trial testimony. In that testimony Williams merely reinforced most of the state's evidence while denying the murder of Andrus. The state's theory at the murder trial was that Williams was with Andrus shortly before the homicide and that he had disposed of Andrus' body. The state asked the jury to infer from these facts and Williams' statements that Williams was the person who killed Andrus. Williams admitted being with Andrus and admitted disposing of Andrus' body. We conclude that the tampering with evidence charge arose from the same conduct as the murder charge and that Williams' arrest on the murder charge started the Criminal Rule 45 time period. *See Peterson v. State,* 562 P.2d 1350, 1358 (Alaska 1977).

■ We also agree with Williams that under the circumstances of this case, Criminal Rule 45 was not tolled under the provision of Criminal Rule 45(c)(1) because "the evidence on which the new charge [was] based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge." The state conceded at oral argument that there was sufficient evidence to convict Williams of tampering with evidence when he was indicted for murder. We agree that the record supports that conclusion. The state had an extremely strong case against Williams for tampering with evidence. That case was not significantly enhanced by Williams' admission that he had tampered with evidence. Under the circumstances of this case it is clear that Criminal Rule 45 should not have been extended because new evidence was made available to the prosecution at Williams' trial.

■ The state contends that even if Criminal Rule 45 starts running on the tampering with evidence charge from the time when Williams was arrested on the murder charge, Williams several times waived his rights under Criminal Rule 45. In a memorandum filed in superior court the state argues that only ninety-four days had elapsed because of various continuances requested by or assented to by Williams. The state argues that the continuances must be deducted under Criminal Rule 45(d)(1), (2)–(3).[5] Williams argues that he only waived

5. Criminal Rule 45(d)(1)–(3) reads:
   (d) Excluded Periods. The following periods shall be excluded in computing the time for trial:
   (1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.
   (2) The period of delay resulting from an adjournment or continuance granted at the

timely request or with the consent of the defendant and his counsel. The court shall grant such a continuance only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial under this rule and of the effect of his consent.
   (3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:
   (a) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney

his speedy trial rights as to the murder charge and that he never waived any speedy trial rights as to the tampering with evidence charge.

We agree with Williams that the policies set forth in Criminal Rule 45 require us to decide in his favor. A defendant can waive his right to a speedy trial under Criminal Rule 45, but a waiver should generally be only with the defendant's informed consent. *See* Criminal Rule 45(d)(2). We do not have to decide in this appeal whether the prosecution could have used Williams' waiver of speedy trial to charge him with tampering with evidence before his trial on the murder charge. However, it seems clear that in executing his waivers of his right to speedy trial Williams certainly did not intend to allow the state to try him on the murder charge and then, based upon the same evidence presented at the murder trial, later try him on a theory of tampering with evidence based upon the same conduct. We find that Williams' waivers of speedy trial were ineffective as to a second trial based upon the tampering with evidence charge where the tampering with evidence charges were filed after his murder trial. Since Williams' waivers of speedy trial were ineffective as to the tampering with evidence charge, we conclude that Williams was not brought to trial within the time allowed by Criminal Rule 45. We therefore find that

the trial court was correct in dismissing the charge against Williams. Criminal Rule 45(g).[6]

The judgment is AFFIRMED.

has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

(b) The continuance is granted to allow the prosecuting attorney in a felony case additional time to prepare the state's case and additional time is justified because of the exceptional complexity of the particular case.

**6.** The state contends that Criminal Rule 45 is not a rule of procedure but confers a substantive right on a defendant to be tried within 120 days. The state argues that if Criminal Rule 45 is substantive, the rule is an unconstitutional use of the supreme court rule making power conferred by article IV, § 15 of the Alaska Constitution. That section reads:

*Rule-Making Power.* The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases

in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

The question of whether Criminal Rule 45 is a substantive rule which is an unconstitutional exercise of the supreme court's rule making power has been before the supreme court twice. Neither time did the court reach the question of the rule's constitutionality. *James v. State,* 567 P.2d 298, 299–300 n. 3 (Alaska 1977); *Peterson v. State,* 562 P.2d 1350 (Alaska 1977).

Under these circumstances, where the supreme court has promulgated Criminal Rule 45 and twice had an opportunity to review whether that rule was promulgated in violation of article IV, § 15, we believe that the supreme court has determined that Criminal Rule 45 is not an unconstitutional exercise of its rule making power. We accordingly reject the state's argument.