**STATE of Alaska, Appellant,**

v.

**Travis Dean WILLIAMS, Appellee.**

**No. 6025.**

Court of Appeals of Alaska.

Aug. 2, 1985.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

David J. Schmid, Kay, Christie, Saville and Coffey, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

### OPINION

PER CURIAM.

■ The United States Constitution and the Alaska Constitution each provide that no person shall be twice put in jeopardy for the same offense. U.S. Const. amend. V; Alaska Const. art. 1, § 9. In this case, the trial court dismissed an indictment for tampering with evidence against Travis Dean Williams, who had been acquitted of first-degree murder in connection with the same incident. The double jeopardy protection afforded by the Alaska Constitution requires this result.

■ A majority of the court holds that article 1, section 9 of the Alaska Constitution incorporates the approach to serial prosecutions set forth in Model Penal Code § 1.07(2) (Proposed Official Draft 1962).

The trial court's ruling dismissing the tampering prosecution against Williams is AFFIRMED.

COATS, J., BRYNER, C.J., and SINGLETON, J., concur.

COATS, Judge, concurring.

This case is before us on remand from the supreme court, 681 P.2d 313 (Alaska 1984), which vacated our decision, 653 P.2d 1067 (Alaska App.1982), in which we upheld the trial court's dismissal of the indictment against Williams for tampering with evidence. The trial court had dismissed the indictment on double jeopardy grounds.

In our previous consideration of this case we did not reach the double jeopardy issue, but concluded instead that the indictment

must be dismissed because Alaska Rule of Criminal Procedure 45, the speedy trial rule, barred the prosecution. 653 P.2d at 1069–71. The supreme court reversed that decision, and remanded the case to us. 681 P.2d at 321. We now find it necessary to resolve the question of whether the trial court erred in dismissing the indictment on double jeopardy grounds.

The facts underlying this case are summarized in our previous opinion and in the supreme court opinion and are only partially repeated here. Williams was indicted and tried for the murder in the first degree of Thomas Andrus. The state's case showed that Williams and Andrus were together on the night of the murder, and were highly intoxicated; that Andrus had been struck in the face with a vodka bottle and strangled with an appliance cord; that the body was dragged to Andrus's pickup truck, doused with fuel, and set afire; that Williams was seen running across the street near the burning pickup truck; and that Williams told a man who drove him back to Peters Creek that he did "something very bad tonight" and that he had done "a very nasty thing." Andrus's wife had testified at grand jury to seeing her husband and Williams together shortly before the homicide, but prior to the trial she had apparently left the jurisdiction and was unavailable to testify.

At trial, Williams took the stand in his own defense and generally admitted the accuracy of the state's proof. He contended, however, that on the night of the murder he had passed out or fallen asleep at the Andrus's trailer. He was awakened by Andrus's wife screaming, "You got to help me. Tom's dead." He then attempted to clean up the trailer and dispose of the body.

Williams was acquitted. Five days later, Williams was indicted for tampering with evidence.[1]

---

1. The indictment also charged two counts of hindering prosecution. These were dismissed by the trial court, along with the tampering

charge in its order of April 30, 1981. The state filed its notice of appeal on May 5, 1981, objecting to the dismissal *in toto* in its points on

The fifth amendment to the United States Constitution provides in part:

Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . .

The Alaska Constitution also affords protection against double jeopardy:

No person shall be put in jeopardy twice for the same offense.

Alaska Const. art. 1, § 9.

There is agreement in case law and commentary as to the general intended function of double jeopardy protection. It "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969) (footnotes omitted). *See United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328, 340 (1980); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977); *Calder v. State,* 619 P.2d 1026, 1028 (Alaska 1980). There

is also uniform agreement on what policies underlie these protections:

The underlying idea, one that is deeply engrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957). See *Whitton v. State,* 479 P.2d 302, 308 (Alaska 1970).

Guidance on the question of what constitutes the "same offense" in the context of successive prosecutions is sparse in Alaska case law. Many other jurisdictions have adopted what is known as the "same transaction" test for determining whether a second prosecution following conviction or acquittal is precluded by double jeopardy.[2]

appeal. In its opening and reply briefs to this court during our original consideration of this case, the state expressly chose to pursue only the tampering charge, and not the hindering charges. In supplemental briefing ordered by this court on remand, the state now seeks to "renew" its appeal of the dismissal of the two hindering counts. Generally, failure to argue a point in the opening brief waives that point. *See, e.g., Hitt v. J.B. Coghill, Inc.,* 641 P.2d 211, 213 n. 4 (Alaska 1982). A point set forth in a statement of points on appeal but not argued in an appellant's opening brief may not be raised in the reply brief. *Id.;* Alaska R.App. P. 212(c)(3). Certainly a point expressly waived in an opening brief cannot be reinstated at this late point in this case's lengthy journey through the appeals process, at least where no surprise or injustice to the state in adhering to this rule has been shown. *See A.M. v. State,* 653 P.2d 346, 348 (Alaska App.1982).

**2.** Some form of the same transaction rule has been adopted on state or federal constitutional grounds in Hawaii, *State v. Ahuna,* 52 Hawaii 321, 474 P.2d 704 (1970); Michigan, *People v. White,* 390 Mich. 245, 212 N.W.2d 222 (1973); Oklahoma, *Johnson v. State,* 611 P.2d 1137 (Okla.Crim.App.1980) (adopting dual test: same evidence test for cases involving multiple punishments for single offense, same transaction

test for cases involving multiple trials arising from same transaction), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981); Oregon, *State v. Brown,* 262 Or. 442, 497 P.2d 1191 (1972), *overruled in part, State v. Hammang,* 271 Or. 749, 534 P.2d 501, 504–05 (1975) (rationale of *Brown* upheld, but facts of *Brown,* involving plea to original charge, should have fallen within exception to same transaction rule); Texas, *Quitzow v. State,* 1 Tex.Crim. 47 (1876) (same transaction test encompassed by constitutional "carving doctrine"), *cited in* Vestal and Gilbert, *Preclusion of Duplicative Prosecutions: A Developing Mosaic,* 47 Mo.L.Rev. 1, 20 (1982); and West Virginia, *State ex rel. Dowdy v. Robinson,* 163 W.Va. 154, 257 S.E.2d 167 (1979) (adopting dual test: same evidence test or same transaction test, whichever most favorable to defendant). In some of those states, the rule has since been enacted statutorily. The Pennsylvania Supreme Court has adopted the test as a supervisory rule, based on double jeopardy considerations. *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *cert. granted* and *remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). The rule has been adopted by statute in California, *see Kellett v. Superior Court,* 63 Cal.2d 822, 48 Cal.Rptr. 366, 409 P.2d 206

The American Law Institute Model Penal Code, the American Bar Association Standards for Criminal Justice, and the Uniform Rules of Criminal Procedure adopted by the National Conference of Commissioners on Uniform State Laws all incorporate some form of this rule.[3] Under the rule,

> the prosecution, except in most limited circumstances, [must] join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction.

*Ashe v. Swenson*, 397 U.S. 436, 453–54, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469, 481 (1970) (Brennan, J., concurring). *See also Brown v. Ohio*, 432 U.S. 161, 170, 97 S.Ct. 2221, 2228, 53 L.Ed.2d 187, 197 (1977) (Brennan, J., concurring). The various formulations of the rule recognize several exceptions in cases where a successive prosecution would not offend the principles underlying double jeopardy protection. For example:

> where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the "same transaction" rule should be made to permit a separate prosecution.

*Ashe v. Swenson*, 397 U.S. at 453, n. 7, 90 S.Ct. at 1199, n. 7, 25 L.Ed.2d at 481 n. 7 (Brennan, J., concurring). In addition, some jurisdictions adopting the rule generally allow a prosecution for vehicular manslaughter to follow a conviction for a minor traffic offense based on the same conduct. *See, e.g., In re Dennis B.*, 18 Cal.3d 687, 135 Cal.Rptr. 82, 557 P.2d 514 (1976). *See also Calder v. State*, 619 P.2d 1026 (Alaska 1980) (trial for assault with a dangerous weapon after plea of nolo contendere to reckless driving arising out of same inci-

dent not violative of double jeopardy rights).

In *Whitton v. State*, 479 P.2d 302 (Alaska 1970), the Alaska Supreme Court expressed criticism of the same transaction test, but in the context of a double jeopardy challenge to the prosecution of multiple counts at a single trial rather than the present situation involving successive trials. Alaska cases addressing the successive trial situation have not adopted the same transaction test as an absolute rule. They have taken an *ad hoc* approach applying the principles underlying double jeopardy protections, and have barred successive prosecutions offensive to those principles. In so doing, the cases have recognized the policy of encouraging the prosecution to consolidate into one indictment the various charges upon which it seeks to convict. *DeSacia v. State*, 469 P.2d 369, 379 (Alaska 1970), *citing Dapcevich v. State*, 360 P.2d 789 (Alaska 1971) and *Ashe v. Swenson, supra*.

It is unnecessary for us to adopt the same transaction test in order to find that in this case a subsequent prosecution of Williams, after his acquittal of murder, would violate the Alaska Constitution's prohibition against double jeopardy and would probably violate the fifth amendment of the United States Constitution as well. I would limit our holding to the facts of this case where the prosecution indictment for tampering with evidence used essentially the same evidence as it used to attempt to convict him of murder. In the case before us the dangers of the abuse of the tampering with evidence statute seem apparent. In this case, in fact, the prosecution's theory in the murder case was that since Williams attempted to cover up the murder by

---

(1966); Illinois, Ill.Rev.Stat. Ch. 38, § 3–3 (1979); Kansas, *see Application of Berkowitz*, 3 Kan.App.2d 726, 602 P.2d 99 (1979); Minnesota, Minn.Stat.Ann.Supp. § 609.035 (West 1983) and New York, N.Y. Crim.Proc.Law § 40.20 (McKinney 1984). Even in jurisdictions in which the rule is statutorily based, the cases applying it refer to traditional double jeopardy policies. *See, e.g., Application of Berkowitz*, 602 P.2d 99 (1979).

**3.** Model Penal Code § 1.07(2)–(3) (Proposed Official Draft, 1962); ABA Standards for Criminal Justice, Standards Relating to Joinder and Severance § 1.03(c) (Approved Draft, 1968); Uniform Rules of Criminal Procedure 471 (Approved Draft, (1974). *See* Vestal and Gilbert, *supra* note 2, at 15–18.

tampering with evidence, he must be the person who committed the murder. It seems unfair, after Williams was acquitted of the murder charge, to allow the prosecution to charge and try him for tampering with evidence based on essentially the same evidence that the state presented for the murder charge.

In this case the prosecution could have avoided any double jeopardy problems by charging the tampering offense before Williams was tried for murder. At least then Williams could have moved to consolidate the trials so that he would not be tried twice on essentially the same evidence.

The evidentiary base for the state's murder case was that Williams set fire to the truck and the body of the victim. The state did not explicitly attempt to show "intent to impair [the evidence's] verity or availability in an official proceeding or criminal investigation," an element of the tampering offense, AS 11.56.610(a)(1). Consequently, tampering was not a lesser-included offense of murder. A subsequent trial of a lesser-included offense after acquittal of the greater offense is clearly barred by double jeopardy protection. *Tuckfield v. State*, 621 P.2d 1350, 1352 (Alaska 1981). Though the situation here is slightly different, the same policies apply. Williams will be compelled to again face the same evidence [4] presented at the trial at which he was acquitted.[5] Further, if reprosecution is allowed here, there is a danger that situations like this could give rise to yet further prosecutions, such as an arson charge for burning the truck.

The problem of successive prosecutions and double jeopardy is a modern one linked to recent changes in the nature of substantive criminal law, as explained by Justice Stewart:

[A]t common law, and under early federal criminal statutes, offense categories were relatively few and distinct. A single course of criminal conduct was likely to yield but a single offense.... In more recent times, with the advent of specificity in draftsmanship and the extraordinary proliferation of overlapping and related statutory offenses, it became possible for prosecutors to spin out a startlingly numerous series of offenses from a single alleged criminal transaction.... As the number of statutory offenses multiplied, the potential for unfair and abusive reprosecutions became far more pronounced.

*Ashe v. Swenson*, 397 U.S. at 445 n.10, 90 S.Ct. at 1195 n. 10, 25 L.Ed.2d at 476 n. 10 (1970) (citations omitted). *See also* McKay, *Double Jeopardy: Are the Pieces the Puz-*

**4.** The state contends that new evidence will be presented if there is a trial on the tampering with physical evidence charge. Williams testified at the murder trial admitting his burning of the truck and body. In our original opinion in this case we held that Criminal Rule 45 was not tolled under subsection (c)(1) of that rule, which tolls operation of the rule if "the evidence on which the new charge was based was not available to the prosecution at the time the defendant was either initially arrested, arraigned or served with the original charge." 653 P.2d at 1070. We stated:

The state conceded at oral argument that there was sufficient evidence to convict Williams of tampering with evidence when he was indicted for murder. We agree that the record supports that conclusion. The state had an extremely strong case against Williams for tampering with evidence. That case was not significantly enhanced by Williams' admission that he had tampered with evidence.

*Id.* I similarly conclude, for purposes of double jeopardy, that this is not a case where the evi-

dence forming the basis for the state's prosecution was not available in time to join the second prosecution with the first. *See Miller v. State*, 652 P.2d 494 (Alaska App.1982).

**5.** The same result is reached under a rule utilized by the courts of Oklahoma. Where the state introduces evidence of one crime allegedly committed by the defendant at his trial for another crime, further prosecution of the former offense is barred. The reasoning is that an injustice would result from allowing the state to claim that the crimes are separate and distinct for purposes of prosecuting them, but that they are inseparable parts of the same criminal episode for purposes of introducing evidence of one at the trial of the other. Consequently, the state is estopped from continuing or instituting a second, separate prosecution. *See Hinton v. District Court*, 693 P.2d 1277, 1278–79 (Okla. Crim.App.1984); *Byrne v. State*, 620 P.2d 1328, 1331–32 (Okla.Crim.App.1981); *Chaney v. State*, 612 P.2d 269, 282 (Okla.Crim.App.1980).

*zle?*, 23 Washburn L.J. 1, 17 (1983). The modern approach to defining crimes has advantages in the precision it affords and the notice it provides. It may not be used, however, to allow the state to repeatedly present essentially the same case to successive juries until it eventually secures a conviction.

To allow Williams to be tried for tampering with evidence here would bring into play precisely the evils double jeopardy protections guard against. Williams was subjected to the embarrassment, expense and ordeal of a trial for murder, and was acquitted by a jury of his peers. He has been compelled by this renewed prosecution to live in a continuing state of anxiety and insecurity for more than four years since his acquittal. If the trial is allowed to proceed, the expenses, anxiety, and stigma will continue. This situation presents the clear danger of the government's use of the criminal justice system to harass and oppress. *See Green v. United States,* 355 U.S. at 187–88, 78 S.Ct. at 223, 2 L.Ed.2d at 204.

BRYNER, Chief Judge, concurring.

In *Whitton v. State,* 479 P.2d 302 (Alaska 1970), the Alaska Supreme Court plainly expressed its view that the double jeopardy clause of the Alaska Constitution, article 1, § 9, must be interpreted flexibly and realistically:

> We respectfully disagree with Justice Frankfurter's view that double jeopardy is not an evolving concept as due process is. What in fact today is "jeopardy" as it relates to a criminal offense, according to the existing common understanding of the term, may not have been even contemplated at the time the federal constitutional provision was adopted, or for that matter, the Alaska constitutional provision. Our constitution, at least in its Declaration of Rights in Article 1

where the prohibition against double jeopardy is found, is not static. It is a viable, active thing, designed to serve the needs of humanity and society with the ability to accommodate to changes which inevitably occur with the progress of our civilization.

*Whitton,* 479 P.2d at 310 (footnotes omitted).

I agree with Judge Singleton that Model Penal Code § 1.07(2) incorporates a flexible and realistic approach that will provide a suitable analytical framework for resolving most, if not all, double jeopardy claims involving serial prosecutions. Accordingly, I join in Judge Singleton's decision to adopt the Model Penal Code approach. Application of the Model Penal Code to this case yields the conclusion that Williams' reprosecution is barred by Alaska's constitutional guarantee against double jeopardy.[1]

SINGLETON, Judge, concurring.

I concur in the result reached by the court. I have two problems with Judge Coats' reasoning which in my view justify a separate opinion.

The Alaska Constitution article 1, section 9 provides, in relevant part:

> No person shall be put in jeopardy twice for the same offense.

I am satisfied that, under the peculiar circumstances of this case, the claim that Travis Williams killed Thomas Andrus and the claim that Williams tampered with evidence regarding the killing of Andrus constituted "the same offense." Williams' acquittal of murder therefore bars further prosecution for tampering with evidence. I reach this conclusion because I am convinced that our Alaska Constitution precludes subjecting a defendant to separate trials for multiple offenses based on the same conduct arising from the same criminal episode if such offenses are known to

1. I would alternatively conclude that under the circumstances of this case Williams' reprosecution should be barred by the Alaska Constitution's due process guarantee. *Cf., Atchak v. State,* 640 P.2d 135 (Alaska App.1981). Article 1, § 7, of the Alaska Constitution provides:

No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed.

the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court. I am satisfied that Alaska Constitution article 1, section 9, properly interpreted, incorporates the substance of Model Penal Code § 1.07(2).[1] I reach the conclusion that our state constitution should be interpreted in this way based on Justice Brennan's reasons for interpreting the United States Constitution to reach this end. *See Ashe v. Swenson*, 397 U.S. 436, 453–54, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469, 481 (1970) (Brennan, J., concurring). *See also Brown v. Ohio*, 432 U.S. 161, 170, 97 S.Ct. 2221, 2227–28, 53 L.Ed.2d 187, 197 (1977) (Brennan, J., concurring). This principle requiring compulsory joinder which is found in the Model Penal Code and in Uniform Rule of Criminal Procedure 471 (Approved Draft 1974) has received substantial attention in the reported cases and should present no problems in interpretation or application.[2]

I am troubled by Judge Coats' rationale because I see little utility in adding a requirement that the two cases involve exactly the same evidence before a successive prosecution is barred. I am particularly

troubled that the same evidence test might permit re-prosecution where the same criminal-episode test would bar it and, conversely, bar re-prosecution where the same criminal-episode test would permit it.[3] But no one could tell for sure until the trial of the first case was completed, a new prosecution brought and prosecuted, and the defendant's appellate remedies exhausted. Uncertainty regarding the same evidence test makes it unacceptable as a device to prevent the harassment and uncertainty which Alaska Constitution article 1, section 9 is intended to prevent.

My second concern is limited to the facts of this case. The constitutional rule that I would adopt is subject to a number of exceptions. The following exception is of specific significance here.

Model Penal Code § 1.07(3) provides:

*Authority of Court to Order Separate Trials.* When a defendant is charged with two or more offenses based on the same conduct or arising from the same criminal episode, the Court, on application of the prosecuting attorney or of the defendant, may order any such charge to be tried separately, if it is satisfied that justice so requires.

---

1. Model Penal Code § 1.07(2) provides:
   (2) *Limitation on Separate Trials for Multiple Offenses.* Except as provided in Subsection (3) of this Section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.
   Model Penal Code § 1.07(2) (Proposed Official Draft 1962).
   I do not suggest that the drafters of our constitution had the Model Penal Code in mind when they chose the language that would become article 1, section 9. Clearly, they did not. I am convinced, however, that they sought to prevent the same evils addressed by this section of the Model Penal Code. Consequently, our constitution, rightly interpreted, forbids successive prosecutions, at least to the extent precluded in the Penal Code provision.

2. It is true that the Alaska Supreme Court has adopted rules of criminal procedure including a speedy-trial rule which do not require compulsory joinder. I agree that the supreme court has, at least in connection with rule making, implicitly rejected compulsory joinder. I am

satisfied, however, that when the supreme court considers the issue for the first time, it will accept the force of Justice Brennan's arguments at least in the context of successive prosecutions.

3. As the Supreme Court noted in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the question of when successive prosecutions should be permissible is entirely separate from the question of when multiple convictions or sentences should be permitted for charges tried together. Consequently, the Alaska Supreme Court's decision in *Whitton v. State*, 479 P.2d 302, 312 (Alaska 1970), which considers the latter question, does not provide guidance in dealing with the former. While the supreme court in *Whitton* expresses doubts about a same-transaction test in connection with multiple convictions and punishments, it does not consider the test in connection with successive prosecutions. I would have no problem with the state prosecuting, convicting, and obtaining separate punishments for murder and tampering with the evidence so long as both charges were prosecuted in a single proceeding.

Model Penal Code § 1.07(3) (Proposed Official Draft 1962).

I assume Judge Coats would recognize this principle as well since he says:

> In this case the prosecution could have avoided any double jeopardy problems by charging the tampering offense before Williams was tried for murder. At least then Williams could have moved to consolidate the trial so that he would not be tried twice on essentially the same evidence.

*State v. Williams*, 704 P.2d at 222. I assume the converse would be true as well and that if the charges had been initially joined and Williams had moved for a severance, Judge Coats would find further prosecution permissible. *See Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion: A defendant waives double jeopardy challenge to successive prosecution if charges originally joined and he successfully obtains a severance). While first-degree murder and tampering with evidence were not joined in a single charging document against Williams, the prosecution did seek to have the jury which considered the homicide charges also consider the tampering with evidence charges as a lesser-included offense, and Williams objected. Judge Rowland sustained Williams' objection and would not instruct on the charges subsequently brought against Williams. Despite the fact that all parties agreed at the time that tampering was not a lesser-included offense,[4] Williams' refusal to allow his first jury to consider these charges substantially undercuts his current claim that re-prosecution subjected him to unconstitutional harassment and mental suffering. I do not understand Williams' objection to have been based on a contention that time constraints made him unable to meet the tampering charge at his first trial. Nevertheless, the protection of the double jeopardy clause may be waived but it cannot be forfeited. *See Lemon v. State*, 654 P.2d 277, 280 (Alaska App.1982). While a per-

suasive argument could be made that Williams waived the protection of the double jeopardy clause by objecting to jury instructions on hindering prosecution at his first trial on the basis of *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), the state has not made that argument either here or in the court below, and the trial court has not passed on it. It would be inappropriate to recognize it *sua sponte* in this appeal. I therefore join in the decision affirming Judge Moody's dismissal of the indictment against Williams.

---

**4.** I assume tampering and murder in context address different societal concerns and there-

fore the former is not a lesser of the latter even under the cognate theory.