STATE of Alaska, Petitioner,

v.

Travis Dean WILLIAMS, Respondent.

No. S–1120.

Supreme Court of Alaska.

Jan. 9, 1987.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

David Gorman and David J. Schmid, Kay, Saville, Coffey, Hopwook & Schmid, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

I. FACTS.

On the evening of March 10, 1980, Thomas Andrus' partially burned body was discovered in his pickup truck, on a frontage road near Peter's Creek. Respondent, Travis Dean Williams, was arrested for Andrus' murder. Williams was subsequently indicted for first-degree murder. At the time Williams was indicted for first-degree murder, the State possessed overwhelming evidence that Williams had tampered with the body. However, the State did not seek an indictment for the crime of tampering with evidence.

Williams was thereafter tried for Andrus' murder. The prosecution's case was based primarily on circumstantial evidence. One of the major elements of the prosecution's case was proof that Williams had transported Andrus' dead body in a pick-up truck to an isolated area, where Williams had set fire to the corpse. In addition, evidence found at the residence where the actual slaying had occurred showed that someone had attempted to clean blood from the carpet.

Williams admitted these actions at his trial, but he testified that he had not killed Andrus. Instead, he asserted he had been awakened from an alcoholic stupor by Andrus' wife, Joyce, who told him that her husband was dead and pleaded with Williams to help her. According to Williams, Mrs. Andrus then led him to her husband's body, which had an appliance cord wrapped around its neck. Williams at

this point agreed to aid Mrs. Andrus in cleaning up the house and disposing of the body.

The jury acquitted Williams of the murder. The State then sought and obtained a new indictment against Williams, charging him with tampering with evidence in violation of AS 11.56.610. Williams then moved to have the tampering indictment dismissed on the ground of former jeopardy. Williams also claimed that the indictment should be dismissed under Criminal Rule 45(g).[1] He argued that since the new charge grew out of "the same conduct" as the former murder indictment, the time limit for bringing him to trial on the new charges had already expired.

The superior court ruled in favor of Williams on his claim of former jeopardy and the State appealed. The court of appeals, in *State v. Williams*, 653 P.2d 1067 (Alaska App.1982), *vacated and remanded*, 681 P.2d 313 (Alaska 1984), did not reach the double jeopardy issue but affirmed the superior court's dismissal of the tampering indictment on the ground that Criminal Rule 45 had been violated. The State then petitioned this court to review the Rule 45 ruling.

In *State v. Williams*, 681 P.2d 313 (Alaska 1984), *on remand*, 704 P.2d 219 (Alaska App.1985), we vacated the court of appeals' decision because of its misinterpretation of Criminal Rule 45 and remanded the case to determine whether Williams' speedy trial rights were violated by the new indictment; if the State had timely indicted Williams, the court of appeals was to consider the double jeopardy issue.

The court of appeals addressed the double jeopardy issue in a per curiam opinion with three separate concurrences, and affirmed the superior court's dismissal of the indictment for tampering with evidence on the ground that the double jeopardy clause of the Alaska Constitution [2] precluded prosecution of Williams for this crime. *State v. Williams*, 704 P.2d 219 (Alaska App.1985). Two judges of the court of appeals adopted the position that this clause incorporates the approach to serial prosecutions and compulsory joinder of criminal charges set forth in Model Penal Code § 1.07(2) (Proposed Official Draft 1962). *Id.* at 224–26. We review both the court of appeals' double jeopardy holding and the incorporation of the Model Penal Code approach into article I, section 9 of the Alaska Constitution.

## II. DID THE COURT OF APPEALS ERR IN AFFIRMING THE SUPERIOR COURT'S DISMISSAL OF THE TAMPERING WITH EVIDENCE INDICTMENT?

We hold that the court of appeals correctly decided the double jeopardy issue in this case. Here prosecution of Williams for the crime of tampering with evidence, after his acquittal of murder, would violate the double jeopardy clause of the Alaska Constitution. In reaching this conclusion we adopt the reasoning expressed by Judge Coats in his separate opinion. There, he states in part that he would limit the court's affirmance of the superior court's dismissal of the tampering with evidence indictment

> to the facts of this case where the prosecution indictment for tampering with evidence used essentially the same evidence as it used to attempt to convict him of murder. In the case before us the dangers of the abuse of the tampering with evidence statute seem apparent. In this case, in fact, the prosecution's theory in the murder case was that since Williams attempted to cover up the murder by tampering with evidence, he must be the person who committed the murder. It

**1.** Criminal Rule 45(g) provides:

*Absolute Discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense

charged and for any other lesser included offense within the offense charged.

**2.** Article I, section 9, Alaska Constitutional provides in pertinent part: "No person shall be put in jeopardy twice for the same offense."

seems unfair, after Williams was acquitted of the murder charge, to allow the prosecution to charge and try him for tampering with evidence based on essentially the same evidence that the state presented for the murder charge.[3]

## III. DID THE COURT OF APPEALS ERR IN HOLDING THAT ARTICLE I, SECTION 9 OF THE ALASKA CONSTITUTION INCORPORATES THE APPROACH TO COMPULSORY JOINDER SET FORTH IN MODEL PENAL CODE § 1.07(2)?

The Model Penal Code rule of compulsory joinder of criminal charges is stated as follows:

*Limitation on Separate Trials for Multiple Offenses.* Except as provided in Subsection (3) of this Section [that is, when the trial court orders separate trials in the interest of justice], a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.[4]

The State maintains that in comparison to other compulsory joinder rules, in particular those promulgated by the American Bar Association and by the National Conference of Commissioners on Uniform State Law,[5] the Model Penal Code version represents an unfortunate choice for Alaska. The State argues that the Model Penal Code version has three main deficiencies: (1) it places the burden on the prosecutor to move for severance instead of on the defendant to move for joinder; (2) it fails to

allow the prosecuting attorney the ability to delay bringing charges that are not yet adequately investigated for trial; and, (3) it fails to address the problem where a plea to one offense is followed by a trial on related offenses.[6]

In elaborating on these three points, the State contends that the burden of seeking joinder should be placed on the defendant. The State points out that both ABA Standard § 2.3(b) (1978) and Uniform Criminal Rule 471(b) depart from the Model Penal Code rule of automatic joinder, requiring instead that the defendant affirmatively seek joinder of related offenses. It is believed that considerations of judicial economy favor this approach:

It is the judgment of the Advisory Committee that it is preferable to place this burden on the defendant, for whose protection this joinder-of-related-offenses requirement is intended. In this way the trial court will be spared the necessity of holding a hearing on the question of whether related offenses should be tried together or separately in those cases where the defendant concludes that it is in his best interests not to attempt to force a joint trial of related offenses.[7]

It is also thought that this approach puts the responsibility of conducting the defense properly on the defendant.

The standard attempts to give the defendant as much responsibility as possible for the conduct of the defense case. Where the defendant elects separate trials (presumably after close evaluation of the competing fair trial and double prosecution considerations), neither the court nor the prosecutor should be burdened with pro forma applications to sever

---

3. *State v. Williams,* 704 P.2d 219, 222–223 (Alaska App.1985) (Coats, J., concurring).

4. Model Penal Code § 1.07(2) (Proposed Official Draft 1962).

5. Specifically, the State refers to: Standards Relating to Joinder and Severance § 2.3(b) (1978) (hereinafter "ABA Standards"); Unif.R.Cr.P. 471(b), 10 U.L.A. 226 (1974) (hereinafter "Uniform Criminal Rules"). [Pet.Br. 15–28]

6. At oral argument the State noted that a probable consequence flowing from the adoption of the Model Penal Code approach would be the pyramiding of charges by the prosecution.

7. ABA Standard § 1.3(b) commentary at 22 (1968). The current version, ABA Standard § 2.3(b) (1978), uses different language but embodies the same rule.

merely to preserve the option of separately trying some of the offenses.[8]

The State also complains that the Model Penal Code version fails to give the prosecuting attorney the ability to delay bringing charges that are not yet adequately investigated for trial. Both ABA Standard § 2.3(c) (1978) and Uniform Criminal Rule 471(c)(3) would allow the prosecutor to delay indicting the defendant on a related charge until the evidence is sufficiently developed to warrant taking the case to trial. There is no comparable way under the Model Penal Code that the prosecutor can argue, after one trial has been held, that another trial should be permitted on a related offense of which he was aware in advance of the first trial. ABA Standard § 1.3(c) commentary at 24 (1968).

Finally, the State argues that the Model Penal Code joinder rule is a poor choice for Alaska courts to adopt because it fails to address the situation where the defendant enters a plea to an offense, leaving other related charges pending, or where the defendant enters a plea to a pending charge and then further related charges are brought. ABA Standard § 2.3(d) (1978) resolves this problem by explicitly providing that:

> Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of any additional offense based upon the same conduct or criminal episode.[9]

Review of these contentions and Williams' responses thereto persuades us that the subject of compulsory joinder should be referred to the Alaska Supreme Court's Standing Advisory Committee on Rules of Criminal Procedure for study and recommendation (after appropriate notice to, and opportunity for comments from, the bar and bench). Given the importance of the question and the significant concerns which have been raised as to the appropriateness of adopting the Model Penal Code approach to compulsory joinder, we at this time disapprove of that portion of the court of appeals' opinion which holds that article I, section 9 of the Alaska Constitution incorporates § 1.07(2) of the Model Penal Code.

AFFIRMED in part, DISAPPROVED in part.

BURKE, J., concurs.

BURKE, Justice, concurring.

The present prosecution in this case is plainly vindictive. Thus, I would hold that it also violates Williams' right to due process of law, as guaranteed by the Alaska Constitution. *Atchak v. State*, 640 P.2d 135, 140–51 (Alaska App.1981); Alaska Const. art. I, § 7.

---

8. ABA Standard § 2.3(b) commentary at 13.25—13.26 (1978).

9. Uniform Criminal Rule 471(c) resolves the problem in a similar fashion.