**D.G., a minor, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2431.

Court of Appeals of Alaska.

May 13, 1988.

James M. Hackett, Fairbanks, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Barrow, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

This is a bail appeal by D.G., a minor. *See* AS 47.10.080(i); Alaska Delinquency Rule 26(a); Alaska R.App.P. 207; and *A.M. v. State*, 653 P.2d 346, 349 (Alaska App. 1982). D.G. contends that the trial court erred in detaining him based upon hearsay testimony. We agree with D.G. that, on this record, he could not be detained based upon hearsay testimony. We therefore remand this case to the superior court for further proceedings in conformity with this opinion.

Prior to the events which led to D.G.'s detention in this case, he was on informal probation to the Division of Family and Youth Services. On February 3, 1988, the state filed a petition for adjudication of delinquency which charged, in part, that D.G. had engaged in sexual penetration with J.M., a female minor, without her consent.

At the detention hearing of February 4, 1988, North Slope Borough Department of Safety Officer Robert J. Krogseng testified regarding statements made to him by J.M., age nine. According to Officer Krogseng, J.M. stated to him that she had been sexually penetrated by D.G. without her consent. Officer Krogseng also stated that J.M. told him she had not previously told anyone of this sexual penetration because she was afraid of D.G., and because D.G. had told her not to say anything. Based upon this testimony, Superior Court Judge Michael I. Jeffery found that there was probable cause to believe D.G. to be delinquent. The court held there was probable cause to believe that D.G. had engaged in acts which, if D.G. were not a minor subject to juvenile jurisdiction, would constitute sexual assault in the first degree, an unclassified felony. AS 11.41.410. After considering alternatives, the court determined that it was necessary to detain D.G. pending a hearing on the petition. At the present time, the Division of Family and Youth Services, pursuant to the detention order, has placed D.G. in foster care in Fairbanks.

Alaska Statute 47.10.140 governs detention hearings. The statute first sets out the circumstances in which a police officer is authorized to arrest a minor. Following arrest, a police officer must "immediately, and in no event more than 12 hours later, notify the court, the minor's parents or guardian, and the Department of Health and Social Services of the officer's action."

AS 47.10.140(a) and (b). Alaska Statute 47.10.140(c) provides:

> The court shall immediately, and in no event more than 48 hours later, hold a hearing at which the minor and the minor's parents or guardian if they can be found shall be present. The court shall determine whether probable cause exists for believing the minor to be delinquent. The court shall inform the minor of the reasons alleged to constitute probable cause and the reasons alleged to authorize the minor's detention. The minor is entitled to counsel and *to confrontation of adverse witnesses.* (Emphasis added.)

The plain language of AS 47.10.140(c) seems to require detention orders to be based upon first-hand testimony in which the adverse witness is subject to cross-examination. Moreover, in *Doe v. State,* 487 P.2d 47, 53 (Alaska 1971), the Alaska Supreme Court required that "detention orders be based on competent, sworn testimony." We assume J.M.'s report to Officer Krogseng was properly admitted as a first complaint of a rape under *Greenway v. State,* 626 P.2d 1060 (Alaska 1980). Her identification of D.G. as her assailant, however, would not be admissible under the *Greenway* rationale. As stated above, AS 47.10.140(c) provides that a minor is entitled "to confrontation of adverse witnesses." We do not believe that the confrontation which AS 47.10.140 requires is satisfied by presenting J.M.'s report of the sexual assault through another witness. Therefore, inasmuch as D.G. could not cross-examine J.M., and because significant portions of J.M.'s report did not fall within a recognized exception to the hearsay rule, it does not appear that D.G. was afforded his right of confrontation.

We recognize the fact that detention hearings must be held within a very short time frame. We are also aware that in many parts of Alaska and in many situations it may be difficult for the state to secure witnesses for detention hearings. The record in this case, however, does not contain any indication of any exigent circumstances. Moreover, the state has not claimed exigent circumstances, nor has it asked the court to make any special finding that compliance with AS 47.10.140(c) would entail special hardship. Accordingly, we do not decide if, or under what circumstances, the court could detain a minor when exigent circumstances were present.

The case is REMANDED to the superior court for further proceedings in conformity with this opinion.