Clifford John THOMPSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–459.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1981.

A. Clark Jett, Guymon, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Clifford John Thompson has appealed his conviction of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Texas County, in Case No. CRF–79–8.

The appellant and James Robert McCulley, while at a basketball game, broke into a 1977 Mercury Cougar automobile in the school parking lot and stole a CB radio. The appellant later traded the CB to Jay Scott, in whose possession it was found.

■ The only assignment on appeal is that the appellant was prejudiced by the introduction of evidence that he had committed another burglary in addition to the one for which he was on trial, that is taking two rifles from a pickup truck. Such evidence of other crimes is, with certain exceptions, barred. *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). Appellant claims that, in his case, the evidence of another crime fits none of the recognized exceptions. The State, on the other hand, argues that the evidence fits all five exceptions: motive, intent, absence of mistake or accident, identity, and the existence of a single scheme or plan which involved the commission of both crimes.

The challenged evidence was that Jay Scott broke into a pickup truck at the same basketball game and stole a CB radio. He then told the appellant that the pickup was open, and he saw the appellant take two rifles from the pickup truck. It is not clear from the evidence which burglary was committed first.

■ The State contends that there was a common scheme or plan embracing the commission of both burglaries, but it does not suggest what that scheme might have been, and this Court is unable to see one. There is no similarity to the manner in which the crimes were committed. In one case, the appellant allegedly used a rock to break a car window, after which his accomplice unlocked the door and removed the CB radio; while, in the other case, a third party burglarized a pickup, and then the appellant went unaccompanied to that truck and removed two rifles.

■ The common scheme exception only applies when the two crimes are so related that proof of one tends to establish the other. *Burks v. State*, 594 P.2d 771 (Okl.Cr. 1979). Here proof of the pickup burglary does not necessarily tend to establish the burglary of the automobile. Again, it only tends to establish the appellant's criminal character, which is not a proper consideration of the jury.

Disregarding the evidence concerning the theft of the two rifles, the State presented the following case:

McCulley testified that he and the appellant broke into the Mercury automobile. McCulley removed the CB from the car, but later gave it to the defendant in a trade.

Jay Scott testified that he received a CB from the appellant in another trade. He kept it in his closet until it was seized. Max Hitchcock, a Texas County deputy sheriff, seized the CB in Jay Scott's closet. He identified the CB introduced at the trial as the one from Scott's closet. Jerry Evans, the owner of the burglarized automobile, identified the CB taken from Scott's closet as the one taken from his car.

■ Whether or not it was error to have admitted the evidence of the theft of the rifles, the error is not sufficient reason to reverse this conviction. If it were error, it would constitute harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When the total-

ity of the evidence introduced concerning the breaking into the Mercury automobile is considered, it is sufficient to sustain the charge of Burglary in the Second Degree. However, having introduced the testimony concerning the theft of two rifles from the pickup truck, we hold that the State has placed itself in a position of estoppel concerning that charge. This Court has encouraged the utilization of the joinder provisions of 22 O.S.1971, § 438, as set forth in *Dodson v. State*, 562 P.2d 916, 923 (Okl.Cr. 1977), when two or more charges arise out of a single transaction. As this Court held in *Chaney v. State*, 612 P.2d 269 (Okl.Cr. 1980), the State is estopped from prosecuting the larceny charge arising out of the theft of two rifles from the pickup truck.

We have also considered the trial court's instructions to the jury. Although it was error to admit the evidence, we note that the judge emphasized to the jury that "the defendant is not on trial for burglary or larceny or any other criminal offense connected or associated with the Miller truck and the guns." The judge also instructed the jury on corroboration and circumstantial evidence. After explaining corroboration, he told the jury that McCulley was an accomplice whose testimony had to be corroborated and he explained that circumstantial evidence must be inconsistent with any reasonable hypothesis except guilt.

Under the instructions given by the trial court, the jury could not have convicted the appellant unless it believed the witnesses summarized above. Even if members of the jury had been greatly upset and aroused by evidence of the second crime, they could not have returned a verdict of guilty solely on the basis of that other crime and still have obeyed their instructions. We are entitled to assume that they did follow the judge's instructions.

The record clearly indicates that the error in admitting the evidence was harmless beyond a reasonable doubt. And, therefore, under *Chapman v. California*, supra, and *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), we hold the error harmless.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs in results.

CORNISH, J., concurs.