**Michael E. TAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–403.**

Court of Criminal Appeals of Oklahoma.

June 14, 1982.

Lonny G. Long, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Michael Taylor was convicted of Knowingly Concealing and Withholding Stolen Property, to wit: an Akai reel to reel recorder. He was sentenced to serve two (2) years' imprisonment and assessed a fine of five hundred dollars ($500.00).

The sole issue before this Court is whether the trial court erroneously allowed evidence of another crime to be admitted at trial.

The State established that on March 1, 1980, David Miller's residence was burglarized. Miller testified that several items were missing from his home. He stated that an Akai reel to reel recorder, a turntable, camera equipment, silver coins and items of clothing were stolen. Elmer Poe testified that on March 3, 1980, he bought an Akai reel to reel recorder and a turntable from Michael Taylor and Garphil Bowles. Poe was later arrested by the Lawton Police for possession of the stolen property. Poe explained to the police where he had purchased the stereo equipment.

Based upon Poe's information, Detectives Alvey and Jacobsma arrested Taylor and Bowles. Detective Alvey testified that when Taylor was arrested he had on a brown leather coat. He further stated that the leather coat resembled the coat described in the offense report as having been stolen from the Miller residence.

This evidence that Taylor was wearing a leather coat similar to one stolen during the burglary of the Miller residence is the basis of the appellant's objection to other crimes evidence. The record establishes that the State gave proper notice of its intent to use this evidence of other crimes. In *Holmes v. State*, 568 P.2d 317 (Okl.Cr.1977), we ad-

**616**

dressed this issue. In *Holmes*, this Court held that it was not error for the State to introduce evidence of other stolen goods found in the possession of the defendant although not included in the information.

The basic principle underlying the *Holmes* decision is that possession of other stolen property by the defendant tends to show the defendant's intent and guilty knowledge. In order to be found guilty of Concealing or Withholding Stolen Property, the State must prove beyond a reasonable doubt that the defendant had reasonable cause to believe the goods are stolen. 21 O.S.1981, § 1713. Therefore, we find that the trial court properly admitted evidence of the leather coat, under 12 O.S.1981, § 2404(B). Section 2404(B) provides:

> Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, *intent*, preparation, plan, *knowledge*, identity or absence of mistake or accident. (emphasis added.)

We addressed this issue further in *Byrne v. State*, 620 P.2d 1328 (Okl.Cr.1980). In *Byrne* we stated:

> ... all of the items were fruits of the same burglary, and it may be logically assumed that the intent of the information was to charge the appellant for his role in receiving those fruits. The appellant contends that the evidence of his possession of the ring should have been excluded under the exclusionary rule on other crimes. However, a more logical approach, one which would both fulfill the intent of the original prosecution and protect the rights of the appellant, would be to allow the evidence of the other items into trial, but place a bar on further prosecution of the appellant in connection with knowingly concealing the fruits of the burglary of Mr. Meyer. supra at 1331.

In accord with *Byrne*, we find that the State is precluded from further prosecution of Taylor for knowingly concealing stolen property obtained during the burglary of the Miller residence. The judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.