Roscoe Anthony HINTON, Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, and the Honorable Joe Cannon, District Judge of Said County, Respondent.

No. P–84–659.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1984.

James T. Rowan, Asst. Public Defender, Oklahoma City, William C. Devinney, Legal Intern, for petitioner.

OPINION

BRETT, Judge:

On October 1, 1983, the petitioner in this cause beat his two-month-old infant. He repeated the crime three weeks later on

October 22,[1] this time causing severe injuries. He was charged on the basis of the first incident with the crime of Child Beating, 21 O.S.1981, § 843, in the Oklahoma County District Court, Case No. CRF–83–5479. Before that trial the District Attorney's office filed a notice of intent to introduce evidence of the second beating. The evidence was admitted over defense objections, and the petitioner was found guilty as charged and sentenced to ten (10) years in prison. Approximately two months after the trial, the infant victim died from the injuries inflicted on October 22. The petitioner was thereafter charged with First Degree Murder in the Oklahoma County District Court, Case No. CRF–84–1540.

The narrow issue before this Court is one of first impression: Whether the State is prohibited by former jeopardy or estoppel principles from prosecuting a defendant for First Degree Murder-Child Abuse when the State has previously used evidence of the underlying abuse in another trial for another incident of child abuse.

When the petitioner was formally arraigned on the murder charge he pled not guilty and interposed pleas of double jeopardy and estoppel in bar to further prosecution. Following arguments and briefs submitted by the parties on the various pleadings and motions filed by the petitioner, an evidentiary hearing was ordered by the respondent to determine more precisely the cause of death. At the hearing, expert medical testimony established that the cause of the child's death was a beating that occurred on or about October 22, 1983. The State had earlier stipulated that evidence of that beating had been introduced in the earlier trial.

Following the hearing, the respondent ruled that the State was not barred from prosecuting the petitioner for Murder in the First Degree. The respondent then directed the petitioner's attorneys to petition this Court for Writ of Prohibition and Mandamus, signed a Certificate of Merit as to the worthiness of the issues herein involved, and stayed the trial on the charge set for October 9, 1984.

In accordance with the respondent's directive, the petitioner has filed an application to assume original jurisdiction and a petition for writ of prohibition and mandamus in which he seeks an order of this Court to prohibit the State from bringing him to trial for First Degree Murder in Oklahoma County District Court Case No. CRF–84–1540 and to order that the criminal proceedings in said cause be dismissed with prejudice on the grounds of double jeopardy and estoppel. We assume jurisdiction but deny the relief requested.

■ Because of the unique nature of child abuse cases, both instances of child abuse in the case at bar could have been joined in a single prosecution. The State chose, however, to prosecute only on the first beating while introducing evidence of both. As the appellant was not tried for—and thus never in jeopardy for—the October 22 child beating, the constitutional guarantee against being twice tried for the same offense is inapplicable.

■ The doctrine of estoppel, on the other hand, does bar prosecution for the October 22 beating. In *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980), defendant Chaney was charged by separate informations with the murder of Mrs. Kendal Ashmore and the murder of Ms. Kathy Brown. The State resisted the defendant's motion to consolidate the cases for trial, then introduced evidence of Brown's murder in the Ashmore murder trial. On appeal, this Court held that the State was estopped from prosecuting the remaining murder charge. Since the two incidents of child abuse in the instant case could have been tried together but the State tried Hinton for one and introduced evidence of both, we hold that the State is estopped from prosecuting the petitioner for child abuse based on the October 22 beating. *See also Taylor v. State*, 646 P.2d 615 (Okl.Cr.1982); *Thompson v. State*, 624 P.2d 82 (Okl.Cr.

1. Originally, the State believed this beating had occurred on October 24, 1983.

1981); *Byrne v. State*, 620 P.2d 1328 (Okl. Cr.1980).

The State can, however, prosecute the petitioner for first degree murder stemming from the October 22 incident since the infant died *after* the prosecution in which evidence of the abuse was introduced. When the State is unable to proceed on a more serious charge because some of the elements of the crime have not occurred, the United States Supreme Court has recognized an exception to the general rule that prosecution for a lesser included offense precludes a subsequent prosecution for the greater offense. *See Jeffers v. United States*, 432 U.S. 137, 151, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168, 180 (1977); *Blackledge v. Perry*, 417 U.S. 21, 29 n. 7, 94 S.Ct. 2098, 2103; 40 L.Ed.2d 628, 635 (1974); *Ashe v. Swenson*, 397 U.S. 436, 453–54 and n. 7, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469, 481 (1970) (Brennan, J., concurring); *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

The case of *Diaz v. United States*, is particularly instructive on this issue. On May 30, 1906, in San Carlos, Philippine Islands, Gabriel Diaz inflicted bodily injuries by blows and kicks upon Cornelio Alcanzaren. Diaz was charged with and found guilty of assault and battery. Subsequently, Alcanzaren died, and Diaz was charged with homicide. As the death resulted from the bodily injuries that were the basis for the assault and battery conviction, Diaz interposed a plea of former jeopardy. The plea was overruled, and Diaz was convicted of homicide. The Supreme Court of the Philippines sustained the conviction, and the case was appealed to the Honorable United States Supreme Court. The United States Supreme Court affirmed, stating as follows:

> The provision against double jeopardy, in the Philippine civil government act ..., is in terms restricted to instances where the second jeopardy is 'for the same offense' as was the first .... That was not the case here. The homicide charged against the accused in the court of first instance and the assault and battery for which he was tried before the justice of the peace, although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense .... All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide, as otherwise might have been done under Philippine Comp.Stat. § 3284 .... It follows that the plea of former jeopardy disclosed no obstacle to the prosecution for homicide.

*Id.* at 448–49, 32 S.Ct. at 251, 56 L.Ed. at 503 (citations omitted).

For the above and foregoing reasons, we conclude that the State may proceed with its prosecution of Roscoe Anthony Hinton for first degree murder under 21 O.S.Supp. 1984, § 701.7(C). The judge who presides over the trial shall not, however, instruct the jury on the lesser included offense of child abuse, 21 O.S.1981, § 843. The order of the Honorable Joe Cannon overruling the petitioner's plea of former jeopardy and plea at bar in Oklahoma County District Court, Case No. CRF–84–1540 is hereby AFFIRMED, subject to the limitation concerning an instruction on child abuse as a lesser included offense.

IT IS THEREFORE THE ORDER OF THIS COURT that the Writ of Prohibition shall be DENIED.

BUSSEY, P.J., concurs.

PARKS, J., dissents.