**Arthur John TODD, Petitioner,**

v.

**The Honorable Myrna LANSDOWN, Special District Judge for Washington County, Respondent.**

No. P–87–452.

Court of Criminal Appeals of Oklahoma.

July 31, 1987.

Publication Ordered Nov. 24, 1987.

Bruce Alan Peabody, Bartlesville, for petitioner.

Craig D. Corgan and Perry Newman, Dist. Atty's Office, Myrna Lansdown, Sp. Judge, Bartlesville, for respondent.

## ORDER GRANTING WRIT OF PROHIBITION

On June 24, 1987, petitioner filed a petition requesting this Court to prohibit the Honorable Respondent from proceeding with a preliminary hearing set for July 6, 1987, at 9:00 a.m. in Washington County District Court, Case No. CRF–87–112, in which the petitioner is charged with First Degree Murder pursuant to 21 O.S.Supp. 1982, § 701.7(C). Petitioner asserts that he was previously charged and convicted of Child Abuse (21 O.S.Supp.1982, § 843) in Washington County District Court, Case No. CRF–86–9, on April 16, 1986, that he was sentenced to seventy-five (75) years imprisonment and ordered to pay $10,-000.00 to the victim's compensation fund, and that the subsequent and successive prosecution for first degree murder violates the double jeopardy provisions of the Fifth Amendment, Article II, § 21 of the Oklahoma Constitution and 21 O.S.1981, § 11.

On June 30, 1987, this Court stayed the proceedings pending resolution of the petition for a writ of prohibition, directed a response from the Honorable Respondent, denied the request for oral argument, and granted petitioner a reasonable time to file the applicable transcripts. On July 15, 1987, Washington County District Attorney Craig Corgan filed a response on behalf of the Honorable Respondent. On July 17, 1987, petitioner filed a transcript of the motion hearing held on May 26, 1987, before the Honorable Respondent.

On January 8, 1986, petitioner beat his three-month-old daughter, Rebecca Todd, in a single criminal transaction. On April 16, 1986, petitioner was convicted of Child Abuse (21 O.S.Supp.1982, § 843), After Former Conviction of a Felony, in Washington County District Court, Case No. CRF–86–9, based on the January 8, 1986, beating. Although no evidentiary hearing has been held to establish the cause of death, all of the parties agree for the purpose of this proceeding, that the victim died on November 7, 1986, as a result of the injuries she received on January 8, 1986. The Honorable Respondent relied on this view of the facts in ruling on the double jeopardy claims. (O.R.) On March 30, 1987, petitioner was charged with First Degree Murder, in Washington County District Court, Case No. CRF–87–112, under 21 O.S.Supp. 1982, § 701.7(C) which provides that "a person commits murder in the first degree when the death of a child results from the injuring, torturing, maiming or using of unreasonable force by such person upon the child pursuant to Section 843 of this title."

The State concedes that it is relying on the beating which occurred on January 8, 1986, and which was used previously to convict the petitioner of Child Abuse, as the predicate for charging and convicting

petitioner of First Degree Murder. The issue thus presented is whether the State is prohibited by former jeopardy or collateral estoppel principles from prosecuting and punishing a defendant for First Degree Murder–Child Abuse under 21 O.S.Supp. 1982, § 701.7(C), when the State has previously used evidence of the underlying abuse in a prior trial resulting in a conviction for Child Abuse under 21 O.S.Supp. 1982, § 843.

The Double Jeopardy Clause grants a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). Only the latter two protections are implicated here. Therefore, we turn to consider the second protection, that is, whether petitioner's prior conviction for child abuse bars a subsequent prosecution for first degree murder based on the same incident of child abuse.

■ The State concedes that prosecution for the greater offense of first degree murder-child abuse would be precluded by double jeopardy principles under the general rule, since the petitioner has previously been convicted of the lesser included offense of child abuse. As the United States Supreme Court stated in *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977) (footnote omitted), unless " 'each statute requires proof of an additional fact which the other does not,' *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871), the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." Under *Brown,* we must conclude that Child Abuse under Section 843, and First Degree Murder– Child Abuse under Section 701.7(C) constitute the "same offense" for the purposes of double jeopardy. First, the lesser offense—child abuse—requires no proof beyond that which is required for conviction of the greater offense—first degree mur-

der. Second, the prosecutor who has established child abuse need only prove the additional element of death resulting from the child abuse; the prosecutor who has established first degree murder under Section 701.7(C) has necessarily established child abuse as well. *See Brown, supra,* 432 U.S. at 167–68, 97 S.Ct. at 2226–27. Accordingly, the greater offense is by definition the "same" for purposes of double jeopardy as any lesser offense included in it.

■ The State maintains, however, that the exception recognized in *Diaz v. United States,* 223 U.S. 442, 448–49, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912), is applicable. A majority of this Court applied the so-called *Diaz* exception in *Hinton v. District Court of Oklahoma County,* 693 P.2d 1277, 1279 (Okl.Cr.1984), while Judge Parks dissented. A careful reading of *Hinton,* however, convinces this Court that it is clearly distinguishable and not applicable under the facts of the instant case. *Hinton* involved two separate incidents of abuse some three weeks apart. The defendant in *Hinton* first beat the victim on October 1, 1987, and was subsequently tried and convicted of Child Abuse based on this beating. The second beating occurred on October 22, and the victim died as a result of these injuries. Although the State presented evidence of the second beating at the trial, the defendant was not tried for the second beating. As Judge Brett stated:

> The State chose ... to prosecute only on the first beating while introducing evidence of both. As the appellant was not tried for—and thus never in jeopardy for—the October 22 child beating, the constitutional guarantee against being twice tried for the same offense is inapplicable.

*Hinton,* 693 P.2d at 1278. The Court in *Hinton* held that the doctrine of estoppel barred the State from prosecuting the defendant for child abuse based on the second beating, because the State introduced evidence of the second beating in the trial where the defendant was convicted of child abuse based on the first beating. The Court held that under *Diaz,* however, the State was not barred from prosecuting the

defendant for first degree murder *based on the October 22 beating.* *Hinton, supra,* at 1278–79. In the instant case, the petitioner was clearly tried and thus placed in jeopardy for the beating which the State seeks to rely upon for a first degree murder prosecution. This fact alone clearly distinguishes this case from *Hinton.* For the purposes of this proceeding, the parties agree that the victim died as a result of the January 8, 1986, beating. The record shows that petitioner has already been tried, convicted, and sentenced to seventy-five (75) years imprisonment based on the child abuse incident. We hold that the application of the *Diaz* exception in *Hinton* should be limited to its particular factual situation. Thus, we find that *Hinton* is materially distinguishable from the instant case and is not dispositive. Accordingly, we hold that the subsequent prosecution for first degree murder in the instant case is barred by the double jeopardy provisions of the Fifth Amendment and Article II, § 21 of the Oklahoma Constitution.

IT IS THEREFORE THE ORDER OF THIS COURT that the writ of prohibition shall be GRANTED prohibiting the State from prosecuting petitioner for First Degree Murder in violation of 21 O.S.Supp. 1982, § 701.7(C) in Washington County District Court, Case No. CRF–87–112. The stay previously granted is hereby VACATED consistent with this order.

IT IS SO ORDERED.

WITNESS OUR HAND AND THE SEAL OF THIS COURT this 31st day of July, 1987.

/s/ Tom Brett
TOM BRETT, Presiding Judge
/s/ Ed Parks
ED PARKS, Judge

J.S.C., Appellant,