James Ellis WHITE, Melvin Earl White, Petitioners,

v.

The STATE of Oklahoma, ex rel. the Honorable Clifford E. HOPPER, Judge of the District Court Within and for Tulsa County State of Oklahoma, Respondent.

No. P–91–133.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1991.

and distinct "other crimes" which does not trigger the collateral estoppel bar. We find the crimes in the petitioners' cases are not so related that collateral estoppel bars prosecution of the second con game. The crimes are sufficiently related that evidence of each may be admitted in the trial of the other as "other crimes" under 12 O.S.1981, § 2404(B).

■ Collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Collateral estoppel prohibits subsequent prosecution because when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194. The issue for us as the reviewing court, therefore, is whether the jury in Trial I could have grounded its verdict on an issue other than guilt of the second scam which the petitioners now seek to foreclose from consideration. *See Ashe,* 397 U.S. at 445, 90 S.Ct. at 1195.

■ The petitioners were convicted of conducting a scam on Yolanda Williams in Trial I. At that trial evidence of their scam on victim James Green was introduced. The State filed its *Burkes* notice, stating the evidence of the Green scam was introduced to establish the defendants' motive, intent, absence of mistake or accident and the identity of a common scheme or plan. The State also argued in its motion that the commission of these two offenses are so related to each other that the proof of one tends to establish the other. Trial II, which the petitioners are seeking to block, is based on the scam against Green. The State has filed a similar *Burkes* notice to admit evidence of the crime against Williams in Trial II.

Collateral estoppel is not invoked by the facts of this case. The evidence of the crime against Green admitted in Trial I did not call for the jury to come to a determination of any guilt issue pertaining to Green. In reaching its verdict of guilt in Trial I, on the Williams case, the jury had no reason

---

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS

Petitioners James Ellis White and Melvin Earl White were convicted of Obtaining Money by Trick or Deception in Tulsa County District Court Case No. CF–90–4659. (Trial I). At that trial evidence of a second "con game" was presented to the jury. That con game is the subject of Tulsa County District Court, Case No. CF–90–5201 which has been set for trial (Trial II). Petitioners are before this court seeking prohibition or mandamus to prohibit the Tulsa County District Court from trying them in Trial II.

At issue is whether the State is barred from prosecuting the second con game because it used this evidence in Trial I. The Petitioners argue the prosecution is barred by collateral estoppel. The State counters that evidence of the second con game was properly admitted as evidence of separate

to determine, and the record before us shows no determination of any ultimate issue in the Green case. No fact previously adjudicated in Trial I will be at issue to be adjudicated in Trial II. Therefore, the crime against Green can be tried and is not barred by collateral estoppel.

■ Petitioners also argue the evidence of the crime against Williams can not be admitted in Trial II because to admit it would violate the bar against Double Jeopardy. They reason the petitioner has already been punished for the Williams crime, and if evidence of this crime is admitted in Trial II, should the jury find petitioners guilty, they will punish petitioners on the basis of the two crimes. Petitioners do not direct our attention to any case which has so held, and we are not persuaded by this argument. If the State chooses to introduce evidence of the crime against Williams in Trial II, and the trial court determines this evidence is admissible as other crimes evidence, the trial court will no doubt instruct the jury as to the proper limited use of this evidence. Clearly we have no ripe issues regarding the use of this evidence before us at this time.

Our discussion of the application of the doctrine of collateral estoppel to this case would not be complete without distinguishing the present case from *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980) and its progeny. Contrary to the petitioners' argument, *Chaney* is not controlling here. In *Chaney* the defendant was charged with two murders in separate indictments. He kidnapped the victims at the same time, he held them together, he killed each in relatively short succession. The defendant moved for joinder which the State opposed and the trial court denied. The prosecutor assured the trial court he would redact all evidence of the second murder during the trial of the first. In fact the prosecutor reneged on this promise and brought in evidence of the second murder at every possible opportunity beginning with opening statement. This court held the two murders should have been joined, and the State was therefore estopped from trying the second murder.

In that case the two murders were so inextricably entwined that the story of one could not be told without exposing the other in detail. While this makes the evidence of the other murder admissible under the *res gestae* or necessary facts exception to other crimes evidence, it also runs the prosecution headlong into the collateral estoppel bar. In that case facts were such that where the jury determined the defendant guilty of one of them, it of necessity found the defendant guilty of both. The trial court erred by failing to grant the defendant's motion to consolidate, and the prosecutor lost its opportunity to prosecute the second murder by using its evidence in the trial of the first.

Whether multiple crimes are joined in a single trial or not is not the true focus for the determination of whether collateral estoppel bars subsequent prosecution. However, certain language in some of our previous cases might lead to that imprecise conclusion. In *Hinton v. District Court of Oklahoma County*, 693 P.2d 1277 (Okl.Cr. 1984) we state that since the defendant could have been tried for two incidents of child abuse in one trial, but was not, and evidence of the second incident was introduced in the trial of the first, the State was estopped from prosecuting the second. *Id.* at 1278. A better analysis would have been to determine whether these two incidents of child abuse on the same victim allegedly committed by the same defendant in a relatively short period of time were so inextricably bound together that the evidence of one could not be reasonably presented absent evidence of the other. Any language in these, or other cases which suggests the pivitol analytical point is joinder and not the unique relationship of the facts is expressly overruled.

IT IS THEREFORE THE ORDER OF THIS COURT that Petitioners' application for writ of prohibition and/or mandamus is DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary Lumpkin
GARY LUMPKIN,
Vice Presiding Judge
concurring in result.

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge
dissent.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

PARKS, Judge, dissenting:

I must respectfully dissent to the Court's determination that the doctrine of estoppel does not bar prosecution of the second con game.

I consider *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980), to be dispositive. In that case, we asked the question: "If the State could not separate the four crimes, why did it refuse to try them together?" *Chaney* at 282. The same could be asked here. In the first trial, concerning victim James Green, the State offered evidence involving victim Yolonda Williams and in the second trial, concerning victim Yolonda Williams, the State intends to produce evidence regarding victim James Green. In fact, the Notice Of Intent To Offer Evidence Of Other Crimes filed by the State in Case Nos. CF–90–4659 and CF–90–5201 in the District Court of Tulsa County January 31, 1991 states: "Evidence of each of these 'confidence games' is offered as evidence of other offenses which is admissible because it tends to establish the Defendants' motive, intent, absence of mistake or accident and the identity of a common scheme or plan in which to obtain property by trick or deception. The commission of these two offenses are [sic] so related to each other that the proof of one tends to establish the other." (cite omitted)

The State cannot have it both ways. If the offenses are so related that the proof of one tends to establish the other, then the two charges should have been brought in one trial. Therefore, I would grant the petitioners' application for writ of prohibition and/or mandamus.

LUMPKIN, Vice Presiding Judge, concurring in result:

I concur in the Court's determination that the doctrine of estoppel does not bar the pending trial in Case No. CF–90–5201 in the District Court of Tulsa County. However, I must disagree with the legal analysis which is applied to the Court's decision.

The Court recognizes that the application of the doctrine of collateral estoppel adopted by the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) was based on a factual predicate not presented in this case. That predicate is a determination by a trier of fact that a person charged with an offense did not commit acts required for proof of that offense and that determination of acquittal is also a determination that the person charged did not commit the acts which would go to support a separate and distinct offense.

As the Court in *Ashe* stated:

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of the 19th century pleading book, but with realism and rationality. Where previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, ·taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration". (emphasis added) 397 U.S. at 443–44, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76.

The Court then applied this principle to the facts and issues of the case and held:

The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of six poker players. It is not whether he

could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again. (emphasis added)

After the first jury had acquitted the petitioner of robbing Knight, Missouri could certainly not have brought him to trial again upon that charge. Once a jury had determined upon conflicting testimony that there was at least a reasonable doubt that the petitioner was one of the robbers, the State could not present the same or different identification evidence in a second prosecution for the robbery of Knight in the hope that a different jury might find the evidence more convincing. The situation is constitutionally no different here, even though the second trial related to another victim of the same robbery. For the name of the victim, in the circumstances of this case, had no bearing whatever upon the issue of whether the petitioner was one of the robbers. *Id.* at 446, 90 S.Ct. at 1195–96, 25 L.Ed.2d at 477.

The fundamental nature of the guarantee against double jeopardy as was discussed in *Benton v. Maryland*, 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 716 (1969), is based on the "plea of autrefoits acquit, or a formal acquittal". While the double jeopardy prohibition is constitutionally guaranteed in the Fifth Amendment to the U.S. Constitution and article 2, § 20 of the Oklahoma Constitution, it applies only to an individual's right not to be placed twice in jeopardy for the same offense. The doctrine of collateral estoppel was adopted by the Court in *Ashe* to expand the "plea of autrefoits acquit, or a formal acquittal" to include application to the adjudication by a trier of fact that the person charged was not the person who committed the acts which constituted separate offenses or had not committed an essential element of a separate and distinct offense. Thus, the foundational question which must be answered prior to the application of collateral estoppel is whether there has been a prior adjudication by a trier of fact which in effect acquits the person charged of the specific offense or an essential element of a separate and distinct offense. In this particular case there has not been a prior adjudication of acquittal of the offense charged or any essential element of the offense. Therefore, the prosecution cannot be prohibited based on collateral estoppel or double jeopardy.

The Court seeks to distinguish the decision in *Chaney v. State*, 612 P.2d 269 (Okl. Cr.1980), which is cited as authority in *Thompson v. State*, 624 P.2d 82 (Okl.Cr. 1981). However, *Chaney* merely states that estoppel applies because the offenses could have been joined and *Thompson* merely cites *Chaney* as authority. Neither case discusses whether the estoppel is based on state or federal law or provides authority for the application of the doctrine to the facts of the case. Each case seems to rely on *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977), however, the opinion on the merits in *Dodson* does not address any issue relating to joinder or estoppel. Advisory comments on the effect of statutes allowing joinder in criminal prosecutions are contained in a special concurring opinion filed by Judge Brett, to which Judge Bussey joined to comment on the judges views relating to joinder. However, these advisory comments are not part of the holding of the case and would be merely dicta which could not be applied to a case which raised the issues on the merits of the case. These comments fail to recognize that our joinder statutes are permissive and not mandatory. Therefore, failure to join actions in the same prosecution does not create a bar to subsequent prosecution for a separate offense under Oklahoma Statutes.

A review of the case authority enunciating the basis and scope of the concept of collateral estoppel, as it applies to criminal procedure would support the finding that the Court in *Chaney* erronously applied estoppel to a case where two offenses *could* have been joined for trial, but were not, when the trier of fact did not acquit

the person charged of either the criminal offense or any essential element of the offense. While it may have been more efficient to join both charges for trial it was not required. If the defendant in *Chaney* had been acquitted of the offense which was interrelated with the second murder or any essential element of the second murder the doctrine of collateral estoppel would have applied as set forth in *Ashe*. But, that was not the result of the trial. The same is true in this case. The Petitioners have not been acquitted in a prior trial of the offense currently pending trial on the merits or any essential element of that offense. Therefore, collateral estoppel cannot bar the trial and the application should be denied.